# ALSTON&BIRD LLP

One Atlantic Center
1201 West Peachtree Street
Atlanta, GA 30309-3424

404-881-7000
Fax: 404-253-8757
www.alston.com

Charles H. Morgan        Direct Dial: 404-881-7187        Email: charlie.morgan@alston.com

June 10, 2015

*VIA ECF FILING AND ELECTRONIC MAIL*

Hon. Andrew J. Carter, U.S. District Judge
ALCarterNYSDChambers@nysd.uscourts.gov

       Re:      *David DiCarlo v. McDonald's Corporation,*
                  No. 15-cv-02273 (SDNY)(ALC)(RLE)

Dear Judge Carter:

       The law firm of Alston & Bird LLP represents McDonald's Corporation ("McDonald's"), the defendant in the above-referenced lawsuit. Pursuant to Rule 2.A of Your Honor's Individual Practices, we write to request a pre-motion conference in connection with McDonald's anticipated motion to dismiss Plaintiff David DiCarlo's ("Plaintiff") claims against McDonald's as set forth in the Complaint dated March 26, 2015 (the "Complaint"). We understand that this request will stay McDonald's June 10, 2015 deadline for answering or otherwise responding to the Complaint. We further request a stay of discovery pending a ruling on any such motion to dismiss.

I.      Background

       Plaintiff's claims and allegations focus on the Freestyle beverage dispensers in use at some McDonald's restaurants. According to the Complaint, the Freestyle dispensers are self-service beverage fountains that allow consumers to browse, select, and mix beverage recipes from an array of Coca-Cola products. The dispensers use a touch-screen interface. Plaintiff, who is legally blind, claims that he purchased a beverage at one or more McDonald's restaurants within New York City that have a Freestyle dispenser. He further claims that he was unable to see the touch screen commands on the Freestyle dispenser as a result of his visual impairment, and that he was therefore "unable to independently dispense soda into his cup using Freestyle." (Complt. at ¶ 18) He claims that McDonald's should be required to implement in the Freestyle dispensers the same technology that is used in blind-accessible automatic teller machines (ATMs).[1]

---

[1]      Self-service beverage dispensers are frequently located in customer areas of restaurants and are not "point of sale" devices. The Freestyle is similarly a self-service beverage dispenser and not a "point of sale" device.

Based on these allegations, Plaintiff, both individually and on behalf of a purported class, attempts to assert claims against McDonald's under federal, state, and local laws that govern the accessibility of places of public accommodation to individuals with disabilities—namely, Title III of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12181 *et seq.*; the New York State Human Rights Law (NYSHRL), N.Y. Exec. Law § 290 *et seq.*; and the New York City Human Rights Law (NYCHRL), N.Y.C. Admin. Code § 8-101 *et seq.*

II.   Title III's Auxiliary Aids and Services Requirement

Title III provides generally that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation." 42 U.S.C. § 12182(a). To flesh out this general prohibition, the statute provides several specific prohibitions, one of which defines "discrimination" to include a failure to provide auxiliary aids and services to disabled customers so as to ensure effective communication. 42 U.S.C. § 12182(b)(2)(A)(iii); 28 C.F.R. § 36.303(c)(1). Claims under Title III relating to alleged discrimination based on a communication-related disability—such as Plaintiff's alleged visual impairment—are analyzed under the "auxiliary aids and services" provision of the statute. *See* 28 C.F.R. Part 36, Appendix C, analysis for § 36.303; *Camarillo v. Carrols Corp.*, 518 F.3d 153, 156 (2d Cir. 2008).

III.  The Complaint Should Be Dismissed for Lack of Standing

All of Plaintiff's claims should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction because he lacks standing. Plaintiff lacks standing to bring this lawsuit because he never suffered an injury-in-fact. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). He does not allege that he actually notified anyone at McDonald's that he was not able to use the Freestyle machine because of his visual impairment. Similarly, he does not claim that he actually requested assistance with the Freestyle from any employees at the restaurants he visited, nor does he allege that he was ever denied such assistance. *See, e.g.*, 42 U.S.C. § 12103(1); 101 H. Rpt. 485 (1990); 28 C.F.R. Part 36, Appendix C, analysis for § 36.303; *Camarillo*, 518 F.3d at 157; *Panzica v. Mas-Maz, Inc.*, No. 05-2595 (ARL), 2007 U.S. Dist. LEXIS 42171 (E.D.N.Y. June 11, 2007); *Norkunas v. Seahorse NB, LLC*, 444 F. App'x 412, 415-16 (11th Cir. 2011).

IV.   The Complaint Should Be Dismissed Pursuant to Rule 12(b)(6)

Plaintiff has failed to state a claim under Title III of the ADA for at least three reasons. First, this claim fails on the most fundamental level because Plaintiff never actually alleges that he was unable effectively to obtain a beverage or otherwise enjoy the benefits of the Freestyle dispenser due to an absence of auxiliary aids and services. Rather, a careful review of the Complaint reveals that he has only alleged that he was not able to use the Freestyle *independently*. (Complt. at ¶¶ 3, 4, 7, 8, 18, 19, 38, 43, 47, 49, 61, 76) Title III, however, does not require public accommodations to ensure customer

independence through the provision auxiliary aids and services, but only to ensure effective communication through auxiliary aids and services. *See*, *e.g.*, 42 U.S.C. § 12103(1); 101 H. Rpt. 485 (1990); 28 C.F.R. Part 36, Appendix C, analysis for § 36.303.

Second, Plaintiff never put McDonald's on notice of his need for assistance. Before bringing a claim under Title III, a plaintiff must actually notify a public accommodation of his or her need for an auxiliary aid or service and be denied such request. *See*, *e.g.*, *Shaywitz v. Am. Bd. of Psychiatry and Neurology,* 848 F. Supp. 2d 460, 466-67 (S.D.N.Y. 2012); *Pell v. Trustees of Columbia University*, No. 97-civ-0193(SS), 1998 WL 19989, *18-19 (S.D.N.Y. Jan. 21, 1998).

Finally, Plaintiff is not claiming that McDonald's failed to provide him with auxiliary aids and services to ensure effective communication, but rather is claiming only that McDonald's failed to provide him with the auxiliary aid or service *of his choice* – namely, implementing ATM technology in the Freestyle. The law is clear, however, that "the ultimate decision as to what measures to take rests with the public accommodation provided that method chosen results in effective communication." 28 C.F.R. § 36.303(c)(1)(ii); *see also Burkhart v. Wash. Metro. Area Transit Auth.*, 112 F.3d 1207, 1213 (D.C. Cir. 1997); *McElwee v. Cnty. of Orange*, 700 F.3d 635, 641 (2d Cir. 2012).

Plaintiff has also failed to state a claim under New York State law (the NYSHRL) and New York City law (the NYCHRL). Because of the similarities between Title III and the NYSHRL, courts interpret them using the same standards and find that when a claim fails under the ADA, it also fails under the NYSHRL. *See Giambattista v. Am. Airlines, Inc.*, 584 F. App'x 23, 26 (2d Cir. 2014); *Krist v. Kolombos Rest., Inc.*, 688 F.3d 89, 97 (2d Cir. 2012). Similarly, under the NYCHRL, even though the Court is required to engage in an "independent liberal construction" of the claim, *Krist*, 688 F.3d at 97, similarities between Title III and the NYCHRL, as well as the way that Plaintiff has pled his claims under both laws, indicate that the same analysis should be applied—and the same outcome reached—under both laws. Most importantly, like Title III, the NYCHRL requires that a customer place a public accommodation on notice of his need for assistance because of a disability. *See* N.Y.C. Admin. Code § 8-107(15)(a).

In addition to the foregoing grounds for dismissal, McDonald's respectfully reserves its right to raise additional grounds for dismissal including based on any amendments that Plaintiff might make to the Complaint. We look forward to a conference with the Court and counsel for Plaintiff to address the scheduling of McDonald's anticipated motion to dismiss.

Respectfully submitted,

Charles H. Morgan

cc: Counsel for Plaintiff DiCarlo (*via ECF Filing and Electronic Mail*)