# LEE LITIGATION GROUP, PLLC
30 EAST 39TH STREET, SECOND FLOOR
NEW YORK, NY 10016
TEL: 212-465-1180
FAX: 212-465-1181
INFO@LEELITIGATION.COM

WRITER'S DIRECT: 212-465-1188
cklee@leelitigation.com

**Via ECF and Electronic Mail**  June 15, 2015
The Honorable Andrew J. Carter, U.S.D.J.
ALCarterNYSDChambers@nysd.uscourts.gov

Re: *David DiCarlo v. McDonald's Corporation*,
Case No. 15-CV-02273-ALC-RLE (S.D.N.Y.)

Dear Judge Carter:

We are counsel to Plaintiff David DiCarlo ("Plaintiff"). Pursuant to Rule 2.A of Your Honor's Individual Practices, we write to oppose Defendant's request for a pre-motion conference regarding Defendant's motion to dismiss Plaintiff's Complaint (the "Complaint"). For the reasons stated below, Defendant's pre-motion request should be denied.

### A. Background

Plaintiff's claims and allegations are based on Plaintiff, who is legally blind, being unable to *independently* operate and use the self-service beverage fountains, the Freestyle machines, which are located at Defendant's McDonald's restaurants. (Complt. at ¶ 18) The Freestyle machine is unlike traditional soda dispensers, in that it offers the user an ***independent experience***: a vast variety of over 100 choices of fountain drinks, coupled with the ability to choose and taste different flavors, and the ability to create a personal flavor by mixing sodas. (Complt. at ¶ 3, 47) The Freestyle is not solely a soda dispenser for obtaining a fountain drink, but operating and using it is an experience in itself. *Id.*

### B. Plaintiff Has Suffered an Injury-In-Fact

In order to establish standing, a plaintiff "must allege injury in fact and that the injury is capable of being redressed by a favorable ruling from the court." *See Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992). Here, Plaintiff was unable to independently operate a *self-service* soda dispenser, the Freestyle. Plaintiff suffered an injury in that he was not offered "full and equal enjoyment of the goods, services, facilities … of public accommodation" by Defendant. 42 U.S.C. § 12182(a). Regardless of whether or not Plaintiff requested assistance, and subsequently whether or not Plaintiff was provided assistance in operating the Freestyle machine, Plaintiff was not, and will not be able to independently operate it due to the Freestyle machine's exclusive use of a touch-screen interface. (Complt. at ¶ 38, 40) As being able to independently operate is the only way Plaintiff will be offered the full and equal enjoyment of the Freestyle machine, Plaintiff has suffered an injury-in-fact. Defendant's reference to *Norkunas v. Seahorse NB, LLC*, 444 F. App'x 412, 415-16 (11th Cir. 2011) is inapplicable because there, the plaintiff would not have encountered discrimination had he requested an accessible room. However, as there is no accessible Freestyle machine inside Defendant's restaurants, Plaintiff would still have been injured as a result. This is further punctuated by *Camarillo v. Carrols Corp.*, 2010 U.S. Dist, LEXIS 63433 (N.D.N.Y. 2010), where the court held that the visually impaired plaintiff suffered an injury-in-fact even though she requested assistance.

Furthermore, the effectiveness of the assistance provided created issues of fact, which would survive a motion to dismiss. Similar issues are raised in this instance by Plaintiff.

Hypothetically, even if adequate assistance was provided to the effect of satisfying effective communication, meaning Plaintiff could order a beverage at the cashier, request assistance, and be effectively assisted in obtaining his fountain drink of choice–theoretically including the mixing of drinks–Plaintiff would still need to request assistance for each subsequent refill. This puts the burden on the Plaintiff and other visually impaired persons, subjecting them to mental distress and humiliation. This scenario is not dissimilar to a restaurant being non-compliant with the Americans with Disabilities Act ("ADA") by not having a proper wheelchair access ramp, then having employees provide assistance to the wheelchair customer to enter the restaurant when so requested. In addition, Plaintiff will be required to queue at the cashier to request assistance for each subsequent refill, which wastes Plaintiff's time and forces Plaintiff to be subject to further humiliation and differential treatment. Therefore, Plaintiff will still have suffered an injury-in-fact and satisfied the standard under *Lujan*.

### C. <u>**Plaintiff Has Adequately Stated a Claim**</u>

To establish liability under Title III of the ADA, a plaintiff must show "(1) that she is disabled …; (2) that defendants own, lease, or operate a place of public accommodation; and (3) that defendants discriminated against her by denying her a full and equal opportunity to enjoy the services defendants provide." *See Camarillo* 518 F.3d 153, 156 (2d Cir. 2008). Assuming Defendant does not dispute that (i) Plaintiff is legally blind and therefore disabled, and (ii) Defendant's McDonald's restaurants are places of public accommodation, Plaintiff only has the third prong to satisfy. Defendant's argument relies solely on the wording of the ADA, that the ADA only requires "effective communication through auxiliary aids and services." Defendant is wrong. In this instance, the only way for Plaintiff and other visually impaired persons to have "full and equal enjoyment" of the Freestyle machine is through modification of the Freestyle machine so that it can be independently operated by blind persons. *See* 42 U.S.C. § 12103(1)(C). Furthermore, without the use of the technology of an audio interface system, a tactile keyboard and/or interactive screen reader technology, Defendant will have to provide a "qualified reader" to ensure effective communication. A qualified reader is not the same as an available reader. *See* 28 C.F.R. Part 36, Appendix C, analysis for § 36.303. As described above and in the Complaint, the Freestyle machine offers an experience for the independent user. (Complt. at ¶ 7) Plaintiff has adequately pled that he was unable to operate and enjoy using the Freestyle machine. The fact whether he ultimately obtained a beverage is irrelevant; he was denied a full and equal opportunity to enjoy the Freestyle service Defendant provided. Whether the other methods Defendant has employed to ensure effective communication are in compliance with the ADA are issues of fact not suitable on a motion to dismiss.

There is nothing in the ADA that states a plaintiff must notify a public accommodation of his need for an auxiliary aid or service and be denied before bringing a claim under Title III. Plaintiff has adequately satisfied the three prong test to establish liability under Title III. In any case, Defendant was aware of Plaintiff's blindness when he visited each McDonald's restaurant and purchased a soda beverage, and subsequently was unable to operate the Freestyle machine as it had an entirely touch screen interface with no tactile buttons.

Finally, as Plaintiff has already established liability under the ADA, namely Defendant failed to provide services to ensure full and equal access to the Freestyle machine, Defendant's argument that

Plaintiff is specifically claiming that McDonald's failed to provide the auxiliary aid or service of his choice–ATM technology–is irrelevant at this stage of the proceedings. Whether the measures Defendant has undertaken to ensure effective communication are indeed effective are issues of fact. Plaintiff merely suggests that it is not an undue burden for Defendant to make its Freestyle machine accessible, through use of ATM or similar technology, as is used in many sales establishments such as RedBox DVD rental kiosks. *See Lighthouse for the Blind & Visually Impaired v. Redbox Automated Retail, LLC*, 2012 U.S. Dist. LEXIS 70007 (N.D.C.A. May 18, 2002).

### D. Plaintiff has Adequately Stated a Claim under New York Law

As the New York State Human Rights Law is very similar to Title III of the ADA, courts interpret them using the same standards. Accordingly, as Plaintiff has adequately pled a claim under the ADA, Plaintiff has also adequately pled a claim under both the New York State Human Rights Law and the New York City Human Rights Law.

In view of the foregoing, we respectfully request the Court to deny Defendant's pre-motion conference request. As Defendant's claims are predicated upon the notion that Plaintiff did not request assistance, which is false as Plaintiff did request assistance when purchasing his beverage, but such assistance was denied, Plaintiff respectfully requests to amend the Complaint pursuant to Fed.R.Civ.P. 15(a)(1)(B). This is Plaintiff's first request for an amendment.

Respectfully submitted,

*/s/ C.K. Lee*
C.K. Lee, Esq.

Cc: Charles H. Morgan, Esq.